CAVANAGH, J.
(dissenting). I agree with the majority that People v Mendoza, 468 Mich 527; 664 NW2d 685 (2003), is not inconsistent with People v Cornell, 466 Mich 335; 646 NW2d 127 (2002), because Mendoza’s holding only concerned common-law manslaughter. Additionally, I do not question the accuracy of the majority’s comparison of the elements of second-degree murder, MCL 750.317, and statutory involuntary manslaughter, MCL 750.329. Nevertheless, I dissent from the continued application of Cornell, which permits jury instructions only on necessarily included lesser offenses of a charged offense. I reiterate my belief that Cornell’s construction of MCL 768.32 misinterprets the statute’s plain language and contravenes this Court’s precedent. See Mendoza, supra at 549-555 (CAVANAGH, J., concurring). I maintain that the proper interpretation of MCL 750.329 allows instructions on lesser or “inferior” offenses of the crime charged if such instructions are supported by the evidence.
The evidence presented at defendant’s trial would have supported an instruction on statutory involuntary manslaughter. The defense approach was to admit that defendant caused the fatality but dispute the element of *87 intent. There was sufficient evidence for the jury to find that defendant had intentionally aimed a gun at the decedent, yet had shot her without malice. But without an instruction on statutory involuntary manslaughter, the jury did not have the option to return such a verdict. Accordingly, I would grant defendant a new trial in which the requested instructions are given to the jury.
KELLY, J., concurred with CAVANAGH, J.